UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WORLDBRIDGE LOGISTICS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | JURY DEMANDED |
| GEORGIA CARTAGE EXPRESS, INC. ) | |
| and SO YOUNG KIM, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Worldbridge Logistics, Inc. (hereinafter "Plaintiff" or "Worldbridge") for its complaint against Defendants Georgia Cartage Express, Inc. and So Young Kim (collectively, "Defendants") alleges, on personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, counterfeiting, trademark dilution, unfair competition and false designation of origin under the Lanham Act of 1946, 15 U.S.C. §1051 et. seq. (the "Lanham Act"), and related causes of unfair or deceptive acts or practices under the statutory and common law of the State of Tennessee.

2. This Court has subject matter jurisdiction over claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367(a) and 15 U.S.C. § 1121, because the claims stated herein arise under the laws of the United States or are related to such claims and are part of the same case or controversy.

3. This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district; Defendants distribute and/or offer to distribute into this

1

district unauthorized logistics services bearing Plaintiff's trademark, for which Plaintiff has the exclusive rights; Defendant has also harmed Plaintiff in this district.

4. Venue is proper in this district under 28 U.S.C. §§ 1391.

**PARTIES**

5. Plaintiff Worldbridge Logistics, Inc. is and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Tennessee, having a principal place of business at Suite 510, 6555 Quince Road, Memphis, TN 38119.

6. Upon information and belief, Defendant Georgia Cartage Express, Inc. ("Cartage Express") is and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Georgia, having a principal place of business at 4500 Satellite Blvd., Ste 2300, Duluth, GA 30096.

7. Upon information and belief, Defendant So Young Kim ("Kim") is the principal owner and operator of Cartage Express. He resides in Georgia. He is responsible for the sales and general management of Cartage Express.

**FACTUAL BACKGROUND**

8. Worldbridge was founded over twenty years ago as a family-run small business. Since then, Worldbridge has been engaged in the business of transportation arrangement, freight forwarding, supply chain, logistics and reverse logistics services, storage, transportation and delivery of goods for others. It and its immediate affiliates have grown into an organization with more than 175 employees.

9. On August 12, 2008, Plaintiff was granted a service mark with registration number 3,484,189, under International Class 035 and 039 for the words and design mark

"WORLDBRIDGE LOGISTICS, INC." (hereinafter "Worldbridge Service Mark" or "Worldbridge Trademark") for "Logistics management in the field of Transportation; Transportation logistics services, namely, arranging the transportation of goods for others; Transportation logistics services, namely, planning and scheduling shipments for users of transportation services" under International Class 035 and for "Freight forwarding; Supply chain, logistics and reverse logistics services, namely, storage, transportation and delivery of packages, raw materials, and other freight for others by air, rail, ship or truck " under International Class 039, by the US Patent and Trademark Office (USPTO). *See* Exhibit A.

10. The registration of Worldbridge Trademark constitutes prima facie evidence of its validity and conclusive evidence of Worldbridge's exclusive right to use the Worldbridge Trademark in connection with the services identified therein.

11. The registration of the Worldbridge Trademark also provides constructive notice to Defendants of Plaintiff's ownership and exclusive rights in the Worldbridge Trademark.

12. The WorldBridge Trademark has been continuously used in interstate commerce and has never been abandoned.

13. Plaintiff has expended substantial time, money and other resources in developing, advertising and otherwise promoting its Worldbridge Trademark. As a result of these efforts and Plaintiff's extensive use of its Worldbridge Trademark, Plaintiff has built up significant goodwill therein.

14. As a result of such longstanding, substantial and continuous use, the Worldbridge branded services have long been immediately recognized by consumers and the trade.

15. Plaintiff has long been providing in the international and interstate commerce high quality services under its Worldbridge Trademark. The registration is valid and subsisting and

3

Case 3:15-cv-01506   Document 1   Filed 12/22/15   Page 3 of 13 PageID #: 3

incontestable.

16. Upon information and belief, Defendant Georgia Cartage Express, Inc. was created as a corporation, bearing its original company name World Bridge Logistics, Inc, in the State of Georgia on or about September 13, 2012. *See* Exhibit B.

17. Upon information and belief, Defendant Cartage Express operates and manages transportation logistics services since its incorporation.

18. On May 19, 2015, Plaintiff sent the Defendant Cartage Express its first letter of cease and desist, demanding the Defendants immediately cease the infringing activity, desist from all use of the Worldbridge Trademark. *See* Exhibit C.

19. After multiple email exchanges and communications, Defendant Cartage Express agreed to change its name to one that does not include the words "World" and "Bridge," and agreed to stop using its old business name in the future.

20. On July 28, 2015, Defendant Cartage Express filed its certificate of amendment with the Secretary of State of Georgia, by changing its name from "World Bridge Logistics, Inc." to "Georgia Cartage Express Inc." *See* Exhibit D.

21. On October 26, 2015, Defendants were caught continuing to use "World Bridge Logistics, Inc." in conducting its business and issuing checks under the infringing name "World Bridge Logistics, Inc." to their customers and/or vendors. *See* Exhibit E.

22. Upon information and belief, Defendants still appear as "World Bridge Logistics, Inc." on online advertisers such as Yellowpages.com and Manta.com and on social media such as Facebook.com. *See* Exhibit F.

23. On November 10, 2015, Plaintiff sent the Defendants its second letter of cease and desist, offering settlement to avoid potential sanctions for violation of federal and state trademark,

unfair competition, and deceptive business practice laws. The Plaintiff requested the Defendants immediately cease and desist from all use of the Worldbridge Trademark and any other designations such as "World Bridge" likely to cause confusion with or dilution of the Plaintiff's trademark, and demanded the Defendants immediately change the social network profiles, and all Internet advertisements or yellowpage information to non-infringing names.

24. As of today, Plaintiff still has not received any responses from the Defendants showing their willingness to settle the dispute or cease the infringing activities.

25. As of today, the infringing names are still used in the online advertisers and social media.

26. On information and belief, Defendants' products and services are provided in the logistics field and to the same classes of purchasers as Plaintiff's products and services.

27. On information and belief, Defendant Kim is an owner, officer, director, and/or principal of Cartage Express and is the active, moving, conscious force behind Cartage Express's infringing activities.

28. The above-referenced Defendants are not authorized by Worldbridge to use Plaintiff's federally registered trademark.

29. Defendants' wrongful use of Worldbridge trademark is likely to cause confusion, mistake, or deception in the mind of the public.

30. Defendants' infringement constitutes a willful and malicious violation of Plaintiff's trademark rights, aimed at preventing Plaintiff from continuing to build a business around a mark that it has long possessed and over which its rights are now incontestable as a matter of law.

## FIRST CLAIM
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C § 1114

31. Plaintiff repeats and incorporates herein by reference the allegations of paragraphs

1 through 30 as though fully set forth herein.

32. This claim, arising under Section 32 of the Lanham Act (15 U.S.C. § 1114), is for infringement of trademark registered to Plaintiff in the United States Patent and Trademark Office.

33. Without Plaintiff's authorization, Defendants are marketing, offering for sale, and selling in interstate commerce services under Plaintiff's trademark.

34. Defendants' aforesaid uses of Plaintiff's trademark have caused and are likely continue to cause confusion, mistake and deception of the public as to the source or origin of Defendants' services, in that the public, and others, are likely to believe that Defendants' services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Plaintiff, all to Plaintiff's irreparable harm.

35. Plaintiff is informed and believes, and on that basis alleges, that Defendants will continue to use Plaintiff's trademark unless enjoined.

36. Defendants, by their above-enumerated acts, willfully and knowingly have violated and infringed Plaintiff's rights in and to the federally-registered trademark, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

37. Defendants' aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

38. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Worldbridge Trademark, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages

pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM
## TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114(1)(a)

39. Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 30 as though fully set forth herein.

40. Defendants are infringing Plaintiff's federally registered trademark though their use in commerce of reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademark, in connection with the sale, offering for sale, marketing, distributing, or advertising of transportation services, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

41. Defendants are intentionally using Plaintiff's trademark on unauthorized services. Defendants are intentionally infringing upon Plaintiff's trademark rights in order to further their own business enterprises.

42. The counterfeiting by Defendants of Plaintiff's trademark has caused and will continue to cause serious and irreparable injury to the reputation and goodwill of Plaintiff for which Plaintiff have no adequate remedy at law.

43. Defendants' aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

44. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Worldbridge trademark or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages

pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C §1117(c).

## THIRD CLAIM
## TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c)

45. Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 30 as though fully set forth herein.

46. Plaintiff's trademark is famous mark entitled to protection from dilution under 15 U.S.C. § 1125(c). Moreover, Plaintiff has taken reasonable steps to preserve the integrity and image of its mark.

47. Defendants' unauthorized, intentional and intended use of Plaintiff's trademark in commerce has led to the dilution of the distinctive quality of Plaintiff's trademark including, but not limited to, the blurring and tarnishing of Plaintiff's trademark, in violation of 15 U.S.C. §1125(c). Defendants' actions have lessened or have the tendency to lessen the capacity of consumers to distinguish the goods and services of Plaintiff.

48. Defendants intentionally and willfully traded upon Plaintiff's renowned reputation and goodwill, and willfully sought to dilute the famous Plaintiff's trademark. Defendants' conduct is intentionally fraudulent, malicious willful, and wanton.

49. Plaintiff has no adequate remedy at law to compensate it for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

50. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Worldbridge trademark or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action and attorneys' fees pursuant to 15 U.S.C. §§ 1125(c) and 1117(a).

## FOURTH CLAIM
## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a)

51. Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 30 as though fully set forth herein.

52. Defendants' acts and conduct constitute a false designation of origin, and are likely to cause confusion or mistake, or deceive as to affiliation, connection, or association of Defendants with Plaintiff and as to origin, sponsorship, and/or approval of such services by Plaintiff.

53. Defendants' use in commerce of Plaintiff's trademark, on or in connection with their products constitutes a false designation or origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Defendants' unauthorized use of Plaintiff's trademark on or in connection with its business and/or its products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that Defendants willfully used and continue to use Plaintiff's trademark with the intent to confuse, mislead, or deceive consumers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the products, and with the intent to trade on the reputation and goodwill of Plaintiff's trademark.

55. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to the valuable Plaintiff's trademark. Unless Defendants are restrained from further infringement of Plaintiff's trademark, Plaintiff will continue to be irreparably harmed.

56. Defendants' acts of unfair competition, false designation, description and representation are causing Plaintiff irreparable injury. Defendants continue to commit such acts, and unless restrained and enjoined, will continue to do so, to cause Plaintiff's irreparable injury.

Plaintiff's remedy at law is inadequate to compensate it for injuries inflicted and threatened by Defendants.

57. Defendants used and are continuing to use Plaintiff's trademark with full knowledge of Plaintiff's rights, and in bad faith with willful and deliberate intent to trade on the substantial recognition, reputation, and goodwill of Plaintiff's trademark. In view of the willful nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

58. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's Worldbridge Trademark, or any marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM
## UNFAIR OR DECEPTIVE ACTS OR PRACTICES UNDER TENNESSEE TRADE PRACTICES ACT T.C.A. § 47-18-104

59. Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 30 as though fully set forth herein.

60. This claim arises under Tennessee Trade Practices Act (TTPA) T.C.A. § 47-18-104 for willful and deliberate unfair competition and deceptive trade practices against Defendants.

61. By using Plaintiff's federally registered trademark, Defendants falsely pass off their goods and services as those of the Plaintiff's.

62. Defendants' wrongful acts alleged herein create a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services,

affiliation, connection or association with, or certification by the Plaintiff.

63. Defendants' wrongful acts alleged herein adversely affect the public interest because such acts have the potential for repetition and the public's ability to rely on trademark law is undermined by such conduct.

64. At the time Defendants began using the Worldbridge Trademark, Defendants had constructive notice of same under 15 U.S.C. § 1072.

65. Defendants knew, or should have known, that their use of Worldbridge Trademark in connection with their trucking business, would cause confusion, mistake, or deception among consumers of those services.

66. Defendants' wrongful acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiff's extensive advertising, consumer recognition, and goodwill associated with their Worldbridge Trademark.

67. By reason of Defendants' wrongful acts alleged herein, Plaintiff has suffered and are continuing to suffer damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the goods and services of Defendants are affiliated with, sponsored by, approved by, or originate from Plaintiff.

68. As a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable injury. Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief.

69. Because Defendants' wrongful acts alleged herein constitute unfair and deceptive acts and business practices in violation of TTPA, Plaintiff is entitled to an award of damages, treble damages, and attorney's fees.

## DEMAND FOR JURY TRIAL

70.     The Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A. Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

>    1. Using the Worldbridge Trademark or any marks confusingly similar thereto, in connection with the distribution, advertising, offering for sale, and/or sale of services;

>    2. Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with, Worldbridge;

>    3. Otherwise infringing upon Worldbridge's federally registered trademark;

>    4. Unfairly competing with Worldbridge.

B. Awarding actual damages suffered by Plaintiff as a result of Defendants' acts;

C. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D. Ordering Defendants to disgorge their profits;

E. Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the

Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

F. Awarding treble damages in the amount of Defendants' profits or Plaintiff' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. §1117(b).

G. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1I 17(b);

H. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c).

I. Awarding Plaintiff punitive damages in connection with their claims under Tennessee law; and

J. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J Cole Dowsley, Jr.
J. Cole Dowsley, Jr. (024400)
THOMPSON BURTON PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
615-465-6003
cole@thompsonburton.com

/s/ Neil B. Mooney
Neil B. Mooney
/s/ Shanshan Liang
Shanshan Liang
THE MOONEY LAW FIRM, LLC
1911 Capital Circle N.E.
Tallahassee, Florida 32308
850-893-0670
nmooney@customscourt.com
sliang@customscourt.com

*Pro Hac Vice* Applications Pending


Attorneys for Plaintiff, Worldbridge Logistics, Inc.